IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40858
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS C. ENCINAS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. C-98-CR-41-1
_____

April 10, 2001

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Luis C. Encinas appeals the sentence imposed following his guilty plea conviction of possessing marijuana with the intent to distribute. We have reviewed the record, the briefs of the parties, and the applicable law, and find no reversible error.

Encinas argues that the district court violated Federal Rule of Criminal Procedure 32(c)(1) by failing to make a finding in response to his objection regarding the quantity of marijuana involved in his offense. The district court found that Encinas did

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not object timely to the drug quantity calculation in the presentence report ("PSR"). Accordingly, the drug quantity calculation was not in controversy as that term is used in Rule 32(c)(1) and the court was not required to make a finding. <u>United States v. Myers</u>, 198 F.3d 160, 167 (5th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 2230 (2000).

Encinas argues for the first time in his reply brief that the district court erred in overruling his objection to the PSR as untimely. We need not address Encinas's argument because issues raised for the first time in the reply brief are waived. <u>See</u> <u>Conkling v. Turner</u>, 18 F.3d 1285, 1305 (5th Cir. 1994); <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Encinas contends that the district court erred in determining the quantity of marijuana attributable to him for sentencing purposes. Encinas's fact-based argument could have been resolved by the district court if he had properly raised the issue. Encinas has not shown plain error. <u>See</u> <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995). Moreover, Encinas has not shown that the district court committed error, plain or otherwise, in determining the drug quantity for sentencing purposes. The district court was entitled to adopt the PSR's drug quantity calculation without further inquiry because Encinas did not present any evidence to refute the PSR's finding that he possessed

2

approximately 43 kilograms of marijuana.  <u>United States v. Puig-Infante</u>, 19 F.3d 929, 943 (5th Cir. 1994).

Encinas argues that the district court violated Federal Rule of Criminal Procedure 32(c)(1) by failing to make a finding as to whether he committed the instant offense while serving a criminal justice sentence.  To the extent a finding was required, the district court met its obligation by adopting the PSR.  <u>See</u> <u>United States v. Duncan</u>, 191 F.3d 569, 575 (5th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 1991 (2000).

Encinas argues that the district court erred by assigning him two criminal history points because he committed the instant offense while serving a criminal justice sentence.  Even if the district court erred in calculating Encinas's sentence, any error was harmless.  The sentencing judge made it clear that she would impose a 46-month sentence even if the two additional points were not included in the calculation.  <u>See</u> <u>United States v. Tello</u>, 9 F.3d 1119, 1131-32 (5th Cir. 1993)(quoting <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992)); Fed. R. Crim. P. 52(a) (defining harmless error as "[a]ny error, defect, irregularity or variance which does not affect substantial rights").

A F F I R M E D.